IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLESSED EMMANUEL OMOOBAJESU,

    Petitioner,

v.                                                       No. 23-cv-0600 WJ-GBW

RONALD MARTINEZ, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Blessed Emmanuel Omoobajesu's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Petitioner challenges his 2018 state convictions based on, inter alia, ineffective assistance by counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed for failure to file within the one-year limitation period.

## BACKGROUND

    The background facts are taken from the Petition and Petitioner's state court criminal dockets, which are subject to judicial notice. *See* Case Nos. D-1333-CR-2015-197; and S-1-SC-39685; *see also United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

    In 2018, Petitioner pled no contest to armed robbery, assault with intent to commit a violent felony, and tampering with evidence. *See* Plea and Disposition Agreement in D-1333-CR-2015-

197.  The state court sentenced him to fifteen years imprisonment, three of which are suspended, followed by term of parole.  *See* Judgment and Sentence in D-1333-CR-2015-197.  Judgment was entered May 1, 2018.  *Id.*  Petitioner did not file a direct appeal.  *See* Doc. 1 at 3.  The criminal Judgment therefore became final no later than June 1, 2018 (*i.e.,* the first day following expiration of the 30-day appeal period).  *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

There was no further activity by Petitioner the state criminal case until May 8, 2019, when he filed a Motion for Transcripts *In Forma Pauperis*.  *See* Motion in D-1333-CR-2015-197.  The following year on September 3, 2020, Petitioner also filed a motion reconsider his sentence based on ineffective assistance by counsel.  *See* Motion to Reconsider/Review in D-1333-CR-2015-197.  Petitioner filed his formal state habeas petition on May 20, 2021.  *See* Habeas Corpus Petition in D-1333-CR-2015-197.  The state trial court issued an order on September 13, 2021, which dismissed all claims except for the arguments relating to ineffective assistance by counsel.  *See* Procedural Order in D-1333-CR-2015-197.  The state trial court then conducted a hearing and dismissed all remaining claims by an order entered October 13, 2022.  *See* Dismissal Order in D-1333-CR-2015-197.  Petitioner sought state certiorari review, but the NMSC denied the petition on February 10, 2023.  *See* Order Denying Petition in Case No. S-1-SC-39685.

Petitioner filed the federal § 2254 Petition on July 17, 2023.  He raises claims for ineffective assistance by counsel; due process violations; and speedy trial violations.  *See* Doc. 1 at 6-9.  Petitioner prepaid the $5.00 habeas filing fee and also sought leave to proceed *in forma*

2

*pauperis*. The Court will grant the Motion to Proceed *In Forma Pauperis* (Doc. 6) in part, to the extent Petitioner seeks other benefits of *in forma pauperis* status such as court-supplied service, and conduct an initial review of the Petition pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than June 1, 2018, after expiration of the direct appeal period. *See Locke*, 237 F.3d at 1272. In the New Mexico court system, the limitation period generally continues to run until a state inmate files his first state motion for

3

reconsideration or habeas relief, which tolls the limitation period under § 2244(d)(2). If the state motion is filed *after* expiration of the one-year period, however, such pleading cannot restart the clock or otherwise qualify for tolling. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period"). Applying these general rules to the case, the one-year period started on June 1, 2018 - when the Judgment became final - and expired on June 1, 2019. The motions to reconsider and for state habeas relief filed in 2020 and 2021 would have no impact on the expired limitation period and would not qualify for tolling. *See Gunderson,* 172 Fed. App'x at 809.

Petitioner urges the Court to apply a different calculation in this case. He contends he filed the first state tolling motion on May 8, 2019 (*i.e.,* the Motion for Transcripts *In Forma Pauperis*), within the one-year limitation period. *See* Doc. 1 at 24-28; *see also* Motion in D-1333-CR-2015-197. Petitioner states he was not aware of his federal habeas rights or the one-year limitation period before that time, but he "began pursuing [his] rights diligently" on May 8, 2019. *Id.* at 26. Petitioner maintains he could not file a habeas claim without the state hearing transcripts, which presumably relate to pretrial matters, the plea, and sentencing. *See* Docket Sheet in D-1333-CR-2015-197.

Petitioner's argument - *i.e.,* that he is entitled to tolling under § 2244(d)(2) based on his Motion for Transcripts *In Forma Pauperis* filed May 8, 2019 - is inconsistent with controlling law. The Tenth Circuit has repeatedly found that a state motion seeking discovery/transcripts does not

qualify as a habeas or post-conviction tolling motion under § 2244(d)(2).  *See Woodward v. Cline*, 693 F.3d 1289, 1292–1294 (10th Cir. 2012) (addressing motion seeking DNA discovery); *Levering v. Dowling*, 721 Fed. App'x 783, 787 (10th Cir. 2018) (motion for transcripts and exhibits); *Mason v. Watts*, 590 Fed. App'x 767, 769 (10th Cir. 2014) (motion seeking court documents).  Similarly, the "failure to receive trial transcripts … to canvas the record for possible error does not constitute 'extraordinary circumstances' that would entitle [a § 2254 petitioner] to equitable tolling" or statutory under § 2244(d)(1)(D).  *Bhutto v. Wilson*, 669 Fed. App'x 501, 503 (10th Cir. 2016).  *See also Heinemann v. Murphy,* 401 Fed. App'x 304, 311 (10th Cir. 2010) (rejecting argument that "the unavailability of a transcript warrants equitable tolling"); *Rhodes v. Wyoming Dep't of Corr.*, 720 Fed. App'x 958, 960 (10th Cir. 2018) (The "delay in providing [petitioner] a transcript of the trial court proceedings" … is "not the type of factual predicate necessary to justify" statutory tolling under § 2244(d)(1)(D)).

Petitioner is therefore not entitled to tolling based on the State's initial failure to provide transcripts.  Said differently, the clock did not stop on May 8, 2019 based on Petitioner's Motion for Transcripts *In Forma Pauperis*, and that filing does not count as a state tolling motion.  This is particularly true under the circumstances of this case, where the state docket reflects that the Clerk mailed Petitioner an audio CD of his proceedings on August 21, 2019.  *See* Receipt of CD entered August 21, 2019 in D-1333-CR-2015-197.

Alternatively, even if the Court applied tolling between May 8, 2019 when Petitioner requested transcripts and the conclusion of the state habeas proceeding, the Petition would still be time-barred.  Three hundred and forty-one (341) days passed between the start of the one-year period on June 1, 2018 and the filing of Petitioner's May 8, 2019 state motion.  For the purpose of

this alternative ruling only, the Court assumes without deciding that the one-year period was tolled until through conclusion of the state habeas proceeding. That proceeding concluded on February 10, 2023, when the NMSC denied certiorari review of the state habeas petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day [February 11, 2023] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [24 days][1] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex habeas tolling calculations). The state docket reflects there was no additional tolling motions during the next 24 days, and the one-year limitation period appears to have expired no later than March 7, 2023. Petitioner's § 2254 filing on July 17, 2023 is therefore still time-barred, even if the limitation period was tolled by virtue of the May 8, 2019 motion.

In sum, the Court finds the one-year limitation period expired on June 1, 2019; Petitioner is not entitled to tolling based on the May 8, 2019 Motion for Transcripts *In Forma Pauperis*; and this proceeding is time-barred. Alternatively, even if the Court applied tolling between May 8, 2019 and the conclusion of the state habeas proceeding on February 10, 2023, the Petition would still be time-barred. Rather than dismissing the Petition outright, and based on local custom, the Court will allow Petitioner to show cause why the Petition is not time-barred. The show-cause response is due within thirty (30) days of entry of the Order. The show-cause response must include all arguments regarding timeliness and tolling. The Court will not scour the 40-page Petition and 77-page supporting memorandum to discover additional tolling arguments that may

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed (341) from the one-year period (*i.e.,* 365 days in a year - 341 days that initially elapsed = 24 remaining days).

be intermingled with the discussion of the merits. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action with prejudice and without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 6**) is **GRANTED**, **in part**, as set forth above.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**SO ORDERED**.

/s/
HONORABLE WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE