IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLESSED EMMANUEL OMOOBAJESU,

    Petitioner,

v.                                                Civ. No. 23-600 WJ/GBW

RONALD MARTINEZ, *et al.*,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Petitioner Blessed Emmanuel Omoobajesu's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and accompanying memorandum (*docs. 1, 2*) and pursuant to the Order of Reference (*doc. 23*). I RECOMMEND the Court DENY the Petition for the reasons explained below.

**I.   BACKGROUND**

On March 27, 2018, Petitioner pled no contest to one count of second-degree armed robbery, one count of third-degree assault with intent to commit a violent felony, and one count of third-degree tampering with evidence. *Doc. 21-1* at 23, 69. On May 1, 2018, the state court entered judgment sentencing him to fifteen years of imprisonment, three of which were suspended, followed by a two-year term of parole. *Id*. at 28-31. Petitioner did not file an appeal. *See doc. 1* at 3.

Petitioner then filed a state petition for writ of habeas corpus on May 20, 2021.[1] *Doc. 21-1* at 40, 59. He argued, as is relevant here, that habeas relief was appropriate because (1) he had been denied the effective assistance of counsel because he had not been informed by his attorney of an earlier, more favorable plea offer; (2) he had been denied the right to a speedy trial; and (3) at a pretrial conference, the state court judge had pointed Petitioner out to the alleged victim and identified him as the one who robbed her, creating undue suggestiveness. *Id*. at 45-50.[2]

On September 13, 2021, the state habeas court denied relief for petitioner's claims of speedy trial violations and undue suggestiveness, *see id*. at 69-71, and ordered an amended petition addressing the claim of ineffective assistance of counsel, *id.* at 76. After reviewing the parties' briefing on the amended petition, the state habeas court similarly found that Petitioner was not entitled to relief for his claim of ineffective assistance of counsel and dismissed the claim on October 13, 2022. *Id*. at 174-76. Petitioner then sought state certiorari review, but the New Mexico Supreme Court denied the petition on February 10, 2023. *Id*. at 324.

---

[1] Respondents say that the state habeas petition was filed on May 10, 2021. *See doc. 21* at 2. However, the record shows it was filed on May 20, 2021. *See doc. 21-1* at 40, 59. The undersigned suspects this is a typographical error and regardless, the exact date of filing is immaterial to Petitioner's federal habeas claim.

[2] Petitioner also alleged a violation of double jeopardy, prosecutorial misconduct, and failure to inform Petitioner of collateral consequences outside of New Mexico of accepting a plea. *Doc. 21-1* at 69. These arguments were not retained in Petitioner's certiorari petition to the New Mexico Supreme Court, *see id.* at 177-78, nor do they appear in his federal habeas petition and memorandum in support, *see docs. 1, 2*. As such, they do not require analysis by this Court.

Petitioner filed his federal § 2254 petition on July 17, 2023, raising claims for ineffective assistance of counsel; speedy trial violations; and violations of the right to due process due to improper suggestiveness. *Doc. 1* at 6-9. Respondents filed an answer on August 25, 2025. *Doc. 21*. Petitioner did not file a reply.

## II.     STANDARD OF REVIEW

Petitions for habeas relief from a state court judgment are governed by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The requirement that the state court's decision must contravene a decision "by the Supreme Court of the United States" is strictly construed; lower federal court precedents, Supreme Court dicta, and Supreme Court "holdings that speak only at a high level of generality" are all insufficient grounds for relief. *Brown v. Davenport*, 596 U.S. 118, 136 (2022) (citations omitted). Habeas corpus is "not a

substitute for ordinary error correction through appeal," but rather functions as a "guard against extreme malfunctions in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 322 n.5 (1979) (Stevens, J. concurring)).  Accordingly, the writ may issue only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with the Supreme Court's precedents.  *Id.* at 102.

### III. ANALYSIS

As previously stated, Petitioner raises three grounds for relief under § 2254: (1) ineffective assistance of counsel, (2) violation of the right to a speedy trial, and (3) violation of due process due to improper suggestiveness.  After addressing some preliminary matters, the undersigned will address each in turn.

#### a. In Custody Requirement

To be eligible for federal habeas, a petitioner is required to be "'in custody' when the application for habeas corpus is filed."  *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968).  An individual does not need to be "subject to immediate physical imprisonment" to seek relief under § 2254, but he must be "subject to restraints not shared by the public generally that significantly confine and restrain freedom."  *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (citing *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982)).  As

4

such, a petitioner may be "in custody" if he is on parole. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

The Southern New Mexico Correctional Facility website indicates that petitioner has been released on probation/parole. *See* https://www.cd.nm.gov/offender-search/ (last visited Jan. 26, 2026). It is unclear exactly when Petitioner was released from physical imprisonment, but regardless, he has met the "in custody" requirement for § 2254.

### b. Exhaustion

As a preliminary matter, the undersigned finds that Petitioner has exhausted his state court remedies. A federal court cannot grant a petition under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The petitioner is limited to the arguments raised before the state court. *See Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

Here, Petitioner's claims have all been denied on the merits by the state court and he has exhausted his available state-court remedies by presenting his three grounds for relief to the New Mexico Supreme Court. *See* 28 U.S.C. § 2254(c).

### c. Timeliness

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner's federal habeas petition is likely untimely. *See docs. 7, 12*. However, Respondents have affirmatively waived this procedural defect. *See doc. 21 at 4* ("Mr. Omoobajesu most likely has not made a showing sufficient to overcome his untimely filed petition…Respondents also submit the interests of justice are best served by ignoring this procedural defect…and instead denying the petition on the merits.") Although a Court may *sua sponte* dismiss a habeas petition as untimely, *see Day v. McDonough*, 547 U.S. 198, 210 (2006), if a state should "intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that

6

choice." *Id.* at 210 n.11.  Because Respondents have waived timeliness as a defense, *doc. 21 at 4*, the undersigned will address each of Petitioner's arguments on the merits.

### d. Ground One: Ineffective Assistance of Counsel

As the first ground for relief, Petitioner alleges ineffective assistance of counsel because his attorney did not convey a plea agreement to him in which Petitioner would plead guilty to three of the original six counts against him in exchange for a 13 ½-year term of imprisonment subject to judicial discretion in initial sentencing.  *Doc. 1 at 6.*

When evaluating a claim of ineffective assistance of counsel, a court must determine whether a petitioner has shown (1) that counsel's representation fell below an objective standard of reasonableness, and (2) it is reasonably probable that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Where a petitioner claims ineffective assistance of counsel caused him to miss out on a more favorable plea agreement the inquiry under *Strickland* into whether the result of the proceeding would have been different "requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (internal quotation marks omitted). Additionally,

> [t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient

> performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 147.

At the state court level, the court applied *Strickland* and *Frye* and determined that (1) the District Attorney would not agree to suspend any of the 13 ½ year prison term; (2) Petitioner never clearly alleged he would have been willing to serve a 13 ½ year sentence; (3) any evidence Petitioner could produce as to whether the court would have suspended a portion of the 13 ½ year sentence would be speculative; and (4) given these considerations, Petitioner had failed to show actual prejudice.[3] *Doc. 21-1* at 175-76. The Court therefore dismissed Petitioner's habeas petition. *Id.*

---

[3] The findings regarding suspension of any sentence are important because Petitioner accepted a definite term of 12 years of incarceration. *See doc. 21-1* at 23. If Petitioner had accepted the first plea agreement of 13 ½ years subject to judicial discretion, the sentence would have been shorter *only if* the sentencing court had chosen to exercise its discretion to reduce the term of imprisonment. *See id.* at 208. Though Petitioner argues that the fact the court was willing to suspend three years on the 15-year plea agreement suggests that it's reasonable to believe it would have lessened the 13 ½ year agreement, *see doc. 2* at 3, whether the court would have *actually* lessened the sentence is entirely speculative. Further, assuming, *arguendo*, that the court would have exercised judicial discretion and shown leniency, the amount of time suspended would also be entirely speculative. Consequently, the state habeas court's conclusion that Petitioner could not show actual prejudice under *Frye* was reasonable.

8

To prevail on his federal habeas claim, Petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of" clearly established federal law, or that it was "based on an unreasonable determination of the facts in light of the state court record." *Cavazos v. Smith*, 565 U.S. 1, 6 (2011) (citing *Harrington*, 562 U.S. at 100; 28 U.S.C. § 2254(d)).  The undersigned finds nothing in the record indicating that Petitioner has met this burden.  To the contrary, the state habeas court properly applied the requirements of *Strickland* and *Frye*, and each of the facts found by that court were reasonable based on the record.

As such, the undersigned recommends denying relief on the first ground.

### e. Ground Two: Denial of Right to a Speedy Trial

For his second ground for relief, Petitioner argues that he was denied his right to a speedy trial because his arraignment was not timely; once he was declared competent, the matter failed to move apace; and "it took 30 months for [his] case to reach a resolution." *Doc. 1* at 8, *doc. 2* at 22-31.

When evaluating a speedy trial claim, the Tenth Circuit has found that "[b]ecause speedy trial claims are subject to a balancing test…[h]abeas relief is only available if there is no possible balancing of the factors that both supports the [state habeas court's] decision and is not contrary to clearly established Supreme Court precedent." *Jackson v. Ray*, 390 F.3d 1254, 1260 (10th Cir. 2004).  The factors a court must balance are (1) the length of the delay, (2) the reason for the delay, (3) whether the

defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. *Id.* at 1260-64. These considerations, also known as the *Barker* factors, "must be considered together with such other circumstances as may be relevant." *Barker v. Wingo*, 407 U.S. 514, 533 (1972).

At the state court level, the court applied the *Barker* factors and found that "[i]n total, there was [*sic*] 15 months of neutral time during which the case was pending a competency determination or was moving at a normal pace toward trial; there was [*sic*] 6 months that weigh slightly against the State, and there was [*sic*] 10 months that weigh heavily against the Petitioner." *Doc. 21-1* at 71. The state habeas court found that since Petitioner was responsible for the majority of the delay, he only asserted his right to a speedy trial once, and he did not provide evidence of particular prejudice, he was not entitled to habeas relief on this ground. *Id.*

The undersigned finds that Plaintiff has not shown that the state habeas court unreasonably or contrarily applied clearly established federal law or unreasonably determined the facts when it applied the *Barker* factors and detailed why they weighed against him. *See id.* at 70-71. As such, the undersigned recommends denying relief on the second ground.

### f. Ground Three: Inappropriate In-Court Identification

Petitioner's final argument for habeas relief is that he was inappropriately identified by the trial judge in a pretrial hearing with the alleged victim. *Doc. 1* at 9; *doc.*

10

2-1 at 29 ("Judge Rael then interrupted the alleged victim and stated[,] 'when you say "he" and "him", your [*sic*] referring to Mr. Omoobajesu[,] the man standing right there in the orange."). Petitioner states that the victim had never identified him as the assailant and he was "never put in a 'six-pack,' 'line-up' or any other identification process." *Doc. 1* at 9. He argues that the Judge's "unlawfully suggestive" identification "guaranteed the alleged victim would now label accused as perpetrator and accused would not receive a fair trial" thus denying him the protections of the Fifth, Sixth, and Fourteenth Amendments. *Doc. 2-1* at 32.

While it is true that impermissibly suggestive identification methods can raise constitutional concerns, "the suggestiveness must create a very substantial likelihood of irreparable misidentification." *United States v. Ruiz*, 116 F.4th 1246, 1251 (10th Cir. 2024) (quotation omitted). Further, "[t]he relevant constitutional concern is that an eyewitness misidentification may deprive a criminal defendant of his right to a fair trial." *Id.*

Here, the state habeas court found that the robbery was caught on video, so eye-witness testimony was not necessary to identify Petitioner. *Doc. 21-1* at 71. Further, because Petitioner accepted a plea agreement, no in-court identification was necessary. *Id.* As such, there was no possible deprivation of the right to a fair trial and any suggestive identification would be properly considered as harmless beyond a reasonable doubt. *See United States v. Wofford*, 766 F. App'x. 576, 579-80 (10th Cir. 2019)

11

(noting that unduly suggestive and unreliable identification must satisfy the constitutional harmless-error standard). This finding is not unreasonable or contrary to clearly established federal law.

Additionally, Petitioner identifies no United States Supreme Court precedent that holds a trial judge may not clarify the identity of an individual to whom the victim is referring. "The absence of clearly established federal law is dispositive under § 2254(d)(1) and results in the denial of habeas relief." *Grant v. Royal*, 886 F.3d 874, 889 (10th Cir. 2018) (quotation omitted). Therefore, the undersigned recommends denying Petitioner federal habeas relief on the third ground.

## IV.     CONCLUSION

For the foregoing reasons, the undersigned finds no basis for relief under 28 U.S.C. § 2254 and therefore RECOMMENDS that the Petition be DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE